**Robert RICK, Appellant,**

v.

**B.D.M.S., INC., Respondent.**

No. C1–83–1866.

Court of Appeals of Minnesota.

April 10, 1984.

Robert Rick, pro se.

B.D.M.S., Inc., pro se.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Robert Rick, the appellant, filed a claim in Conciliation Court for commissions he believed were due from his former employer, B.D.M.S., Inc. The referee awarded him $1161.60. B.D.M.S. demanded a hearing before the Municipal Court. The court reversed the referee and awarded judgment to B.D.M.S. Rick appeals.

## FACTS

B.D.M.S. is a computer sales and servicing company. The company operates on a "turnkey" basis. As explained in a company advertisement, "we install the systems for you, train your users, and have the software that enables you to 'turn the key' and system will be working effectively for you after only a few hours of instruction."

Rick worked as a computer salesman and installer for B.D.M.S. His wages were entirely commissions for sales and installations. A schedule of commissions was provided in the contract:

| Units (installed computers) | Percent |
| --- | --- |
| 1st thru 2nd | 30% |
| 3rd thru 10 [sic] | 60% |
| over | 75% |

Payment of the commission was also covered under the contract:

This plan is valid for one year and maybe [sic] renegotiated at this time or after 5 system [sic] have been installed. No withholding taxes will be withheld—Payment will be made at time of downpayment—50%—depending on size of downpayment and balance will be paid upon collection of balance from customer.

Rick sold a computer to the Spooner Clinic in Spooner, Wisconsin on December 9, 1981. He received $1500 of his commission as the 50% due at time of the downpayment under the contract. Before time came to install the computer, Rick took a job with Control Data Corp. There is some dispute as to whether Rick left on his own or was fired. The company refused to let Rick install the computer after he took the C.D.C. job and refused to pay him any more commission. Other employees installed the computer.

## ISSUE

Did B.D.M.S. owe the appellant the final half of his commission?

## ANALYSIS

This dispute is not a matter of general contract law, but simply a dispute about the interpretation of the contract's language. Rick claims that, upon selling the computer, his commission was due and that since he was willing to install the computer, the company owed him the part they had not previously paid him. The company claims that the commission is due in two parts, one for selling the computer and one for installing the computer and training the purchasers to use the computer. Since Rick only sold and did not install and train, he was only due half the commission.

Generally, contracts are interpreted according to their terms unless some ambiguity requires the court to look at parol evidence to determine what the parties' bargain was. *Indianhead Truck Line, Inc. v. Hvidsten Transp., Inc.*, 268 Minn. 176, 128 N.W.2d 334 (1964). Neither interpretation can be wholly read from the contract language. In the company's favor, commissions are conditioned on "installed computers." Rick admits he did not install the Spooner Clinic computer. In Rick's favor, payment of the last half of the commission is conditioned not on installation of the computer but on collecting the balance of the purchase price from the customer.

A contract provision is ambiguous if, judged by its language alone, it is reasonably susceptible to more than one meaning. *Metro Office Parks Co. v. Control*

*Data Corp.*, 295 Minn. 348, 351, 205 N.W.2d 121, 123 (1973). From the language of the contract, one could reasonably come to either conclusion; therefore, the contract is ambiguous and parol evidence is admissible.

The company was very concerned with installation of the computer and training of the buyers so that the system was, as they put it, a "turnkey" operation. In the hearing before the Municipal Court, Rick admitted this:

> THE COURT: It would seem to me off the top that that was the agreement, that after the sale was consummated, that you would go over there and help install the thing and get it set up. Do you agree or disagree with that?
>
> MR. RICK: I agree entirely, Your Honor. I made several attempts to pursue installation on that and follow through—

Selling was, therefore, only a part of Rick's job under the contract. By leaving his employment, even if fired, he did not complete the contract. Since Rick was working for another company, another computer firm, the company had no legal duty to allow Rick to install the computer. Indeed, the company had to hire others to install and train the Spooner Clinic employees. Rick completed part of his contract and was paid for it. There is no legal reason why he should be paid for a portion of the contract that he did not complete.

### DECISION

■ Under this employment contract, a commission was due for selling computers and a commission was due for installing the computer. Rick sold but did not install the computer. He received his commission for installation and was not owed any commission for installation.

We affirm.